**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-104-RJC**

| | |
|---|---|
| GREGORY LEE SELLERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| REUBEN F. YOUNG, Secretary ) | |
| of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion to dismiss will be granted.

**I.   BACKGROUND**

Petitioner is presently confined as a prisoner of the State of North Carolina in the Avery/Mitchell Correction Institution. According to his petition, on January 22, 2008, Petitioner was convicted after entering guilty pleas to possession of methamphetamine; possession of cocaine; driving while license revoked; driving while impaired; and possession of drug paraphernalia. Petitioner was sentenced to 135-171 months' imprisonment. (Doc. No. 1 at 1). Petitioner did not file a direct appeal from his judgment.

On August 25, 2009, Petitioner, through counsel, filed a motion for appropriate relief ("MAR"), (Doc. No. 1-5), in the Henderson County Superior Court which was denied by order entered September 29, 2009. (Doc. No. 1-4 at 1). The North Carolina Court of Appeals denied his petition for a writ of certiorari on December 7, 2009. (Doc. No. 1-12 at 2).

1

Next, on or about June 15, 2010, Petitioner's counsel filed a petition for a writ of certiorari with the Supreme Court of North Carolina seeking review of the Superior Court's denial of his MAR. (Doc. No. 1-6). On August 26, 2010, the Supreme Court denied his petition to review the MAR. State v. Sellers, 701 S.E.2d 672 (N.C. 2010).

On or about June 29, 2012, the Henderson County Superior Court denied a pro se petition for a writ of habeas corpus filed by Petitioner. (Doc. No. 1-12 at 6). On or about September 25, 2012, Petitioner filed a petition for writ of certiorari seeking review of the superior court's order of denial. (Doc. No. 1-11). The North Carolina Court of Appeals denied relief on October 8, 2012, (Doc. No. 1-10 at 1), and the Supreme Court of North Carolina denied petitioner's challenge to the order of the court of appeals on December 12, 2012. (Doc. No. 1-12).

On April 8, 2013, Petitioner avers that he placed the instant Section 2254 petition in the prison mailing system.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides for a one-year period of limitation for the filing a petition for a writ of habeas corpus by a person in custody pursuant a State court judgment. The limitation period shall run from the latest of—

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

## A. Statute of Limitations

As discussed herein, Petitioner did not file a direct appeal following entry of his criminal judgment which occurred on January 24, 2008. (Doc. No. 7-2 at 1-3). Under North Carolina law, Petitioner must have filed his notice of appeal to the North Carolina Court of Appeals within 14-days from entry of judgment, or on or about February 7, 2008. See State v. Oates, 732 S.E.2d 571, 572 (N.C. 2012). Under the AEDPA, Petitioner had one-year from February 7, 2008, in order to file either a state challenge to his judgment or to file a petition under Section 2254 challenging his criminal judgment. See 28 U.S.C. § 2244(d)(1)(A)(providing that the one-year time period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Rather than pursue a direct appeal to the North Carolina appellate courts, on or about August 25, 2009, Petitioner filed a MAR in the Henderson County Superior Court. (Doc. No. 1-5).[1] A MAR filed between February 7, 2008 to February 7, 2009, would have worked to toll the statute of limitation under the AEDPA, however, by waiting until August 25, 2009, Petitioner waited nearly six and a half months after the one-year time limitation had expired to seek state relief. See 28 U.S.C. § 2244(d)(2)(providing that that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

---

[1] As Respondent notes, it is doubtful that Petitioner had the right to appeal following his entry of guilty plea. See (Doc. No. 7: Respondent's Supporting Brief at 2-3). Although even assuming he did file a notice of appeal, the Court finds that his time to appeal would have expired fourteen (14) days after judgment was filed on January 24, 2008. (Doc. No. 7-2 at 3)

3

Respondent contends that Petitioner's Section 2254 petition was filed well outside the one-year statute of limitations as provided for under § 2244 and is therefore due to be dismissed. In his response to Respondent's motion to dismiss, Petitioner appears to contend that the statute of limitations would be tolled "if a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review." (Doc. No. 8). This argument is misplaced. The record demonstrates that no State court granted Petitioner the ability to file an out-of-time appeal from his criminal judgment. And, as noted herein, Petitioner never filed a direct appeal from his criminal judgment; rather, the first challenge he presented was through his MAR proceeding filed some six months after the one-year statute of limitations period had expired, and the filing of the MAR does not serve to restart the one year time limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Based on the present record, the Court finds that Petitioner's Section 2254, filed at the earliest on April 8, 2013, is untimely and Respondent's motion to dismiss should be granted unless Petitioner can establish a claim for equitable tolling.[2]

B.   Equitable Tolling

Petitioner contends that he exhausted his state claims on August 26, 2010, and that habeas review was his next step. However, Petitioner acknowledges that he did not seek timely review of federal habeas relief citing a lengthy written correspondence with his state MAR and appellate attorney. (Doc. No. 1 at 13-14). Petitioner contends that his counsel informed him that the claims he raised in his MAR proceeding were not eligible for federal habeas review and it was only after he consulted a "jailhouse lawyer" that he learned that this advice may have been erroneous and that Petitioner's time to seek federal habeas review might have expired because of

---

[2] Petitioner's sworn statement that he placed his Section 2254 petition into the prison mailing system makes April 8, 2013, the date of filing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

this "undue delay." (Id. at 14).

An untimely § 2254 petition can be considered on the merits if the petitioner successfully "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2562 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). First, as the Court has found, Petitioner's one year statute of limitation under the AEDPA expired in February 2009. And Petitioner acknowledges that his present federal habeas petition appears time barred. Second, Petitioner's reliance on his state attorney's advice in his search for state post-conviction relief cannot serve to equitably toll the statute of limitations because it had expired long before his state attorney even began pursuing relief through the state courts.

In a letter from his state counsel, dated September 14, 2010, Petitioner was informed that his petition for a writ of certiorari with the Supreme Court of North Carolina had been rejected on August 26, 2010. (Doc. No. 1-12 at 4). There is no mention in this letter regarding Petitioner's ability to pursue federal habeas review. In a letter dated March 1, 2011, Petitioner's state counsel explains that "we are in a difficult situation as far as the procedure is concerned. I agree with you that you are not eligible for federal habeas corpus." (Id. at 5). There is no discussion of why Petitioner and his counsel "agree" that he is not entitled to federal habeas relief but it may well be that by the time the Supreme Court rejected his bid to have his MAR reviewed on August 26, 2010, the one-year statute of limitation had undoubtedly expired.[3]

In sum, Petitioner's argument in support of equitable tolling is unavailing and will be

---

[3] In a letter dated January 4, 2011, Petitioner's counsel does raise what he contends is a potential federal civil rights suit challenging the State court's order on dismissal, and he dismisses the notion that such a challenge could properly be raised in a federal habeas action. Again, however, this information was relayed to Petitioner long after the one-year § 2244(d) time period expired. (Doc. No. 1-12 at 3).

5

denied. The facts supporting the claims Petitioner belatedly raised in his failed MAR proceedings, and the same claims he seeks to raise here were or should have been known to him at the time he entered his guilty plea on January 24, 2008. The Court finds, therefore, that Petitioner has failed to demonstrate that he has been diligently pursuing his rights as he did not even seek state post-conviction relief until a year and half after his state judgment became final and six and a half months after his one-year state of limitation expired under § 2244(d). For the foregoing reasons, Respondent's motion to dismiss will be granted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's motion to dismiss is **GRANTED**. (Doc. No. 6).

2. The petition for a writ of habeas corpus is **DISMISSED** as untimely. (Doc. No. 1).

3. The Court has examined Petitioner's motion to proceed *in forma pauperis* and finds it should be **GRANTED**. (Doc. No. 2).

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 8, 2013

Robert J. Conrad, Jr.
United States District Judge